## WIRT v WIRT et

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 10, 1932

ROBERTS, J.

A motion was filed in this court by the said C. H. Kennedy, defendant, who entered his appearance by waiver of service of summons, in which he moves the court to strike the petition in error from the files and this cause from the docket of this court upon the grounds "that there were other parties defendant in the original case, other than this defendant in error, which other parties are substantial parties to the controversy, and whose rights were affected by the judgment and decree rendered therein, and which other parties were necessary parties to the proceeding to reverse it, and who have not been made parties to this proceeding in error. There were numerous parties defendant named in the petition as such filed in the Court of Common Pleas, none of whom have been brought into this court in the error proceeding by service, waiver or otherwise.

"The jurisdiction of the Court of Appeals to review, modify or reverse a judgment of an inferior court, can not be invoked without service, or its equivalent, upon all the parties who would be prejudiced by a modification or a reversal of such judgment and who are actual parties in the inferior court."

Greenlee v N. Y. Life Ins. Co., et, 123 Oh St, 599.

"1. Sec 11256, GC, requiring that parties who are united in interest must be joined as plaintiffs or defendants is mandatory in character as to all such parties, and applies to proceedings in error as well as other stages of litigation.

2. In an action to contest a will, the beneficiaries interested in sustaining the same are parties who are united in interest, even tho such beneficiaries are to receive different amounts under the provisions of such purported will.

3. Where in the Court of Common Pleas an action to contest a will has resulted in a verdict and judgment setting aside such will, and error is prosecuted from such judgment to the Court of Appeals by one of the beneficiaries under such will, a motion to dismiss for non-joinder of parties united in interest, as provided in §11256 GC, should be sustained."

Young v Myers, Jr, Exr, et, 124 Oh St, 448.

This case may also be found in the Bar Association Report, issue of February 9, 1932.

The parties named in the Court of Common Pleas were necessary parties in this action. However, the two decisions just quoted go to the proposition only of the necessity of their being parties. Counsel for the plaintiff in error resisting the allowance of this motion, evidently recognizing that necessary parties have not been brought into this action, claim that the court has a right to permit the bringing in of the omitted parties, notwithstanding the legal statutory period for so doing has expired. The syllabus in the case of Sniders, Exrs., etc. v Young et, 72 Oh St, 494, reads as follows:

"When some of the plaintiffs in a joint judgment are made parties defendant to a petition in error to reverse the judgment, and their appearance in the proceeding has been effected by service of process or otherwise within the statutory limit for commencing proceedings in error, the proceedings must be deemed commenced not only as to such defendants but also as to all other persons united in interest with them, so as to stop the running of the statute of limitations in favor of such other persons who are not made defendants.

The court in such case may amend the proceedings by adding to the petition in error as defendant hereto, the names of the persons who have been omitted, and causing service to be duly made on such persons, although application for such amendment has not been made or the defect of parties has not been brought to the notice of the court until after the statutory period for commencing proceedings in error has elapsed."

It is not found or claimed that this de-

cision of the Supreme Court has been changed or modified in any way by any subsequent decision, and must be recognized as the law applicable to this case. This relief was not asked for in the two other citations above made. In recognition of this authority the request of counsel for the plaintiff in error is recognized, and leave is granted for the amendment of the petition in error, if necessary, and an opportunity to summon or otherwise bring into court other necessary parties, this leave to be exercised within thirty days from this 10th day of June, 1932.

FARR and POLLOCK, JJ, concur.